UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURPREET SINGH (A No. 240 849 785),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY ICE DETETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-1245 DAD CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the California City ICE Detention Facility proceeds with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] For the reasons which follow, the court recommends that the amended petition be denied.

I. Background

Petitioner is a native and citizen of India. ECF No. 36-2 at 1. He entered the United States without authorization on or about June 6, 2022, near San Luis, Arizona. Id. Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), released into the United

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

States and ordered to appear for immigration proceedings on July 25, 2022. Id. There is no record those proceedings ever occurred.

On January 6, 2026, petitioner appeared at an ICE office in Stockton as instructed by petitioner's ICE case officer. 1:26-cv-0591 DAD CKD P, ECF No. 7-1. At the meeting, petitioner was detained for numerous violations of the terms of his release mostly having to do with reporting. Id. That same day, petitioner was notified that it had been determined that petitioner is inadmissible pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) and is subject to removal under 8 U.S.C. § 1225(b)(1). 1:26-cv-0591 DAD CKD P ECF No. 7-2 at 34. Petitioner requested asylum and was therefore interviewed by an asylum officer as required under 8 U.S.C. § 1225(b)(1)(A)(ii) to determine if petitioner has a credible fear of torture or persecution if returned to India. Id. at 4. The asylum officer found petitioner does not have a credible fear of torture or persecution. Id. Petitioner sought review of that decision before an immigration judge as petitioner is entitled to do under 8 U.S.C. § 1225(b)(1)(B)(iii). Id. at 3. On January 26, 2026, the assigned immigration judge affirmed the finding of no credible fear and issued a final order of removal. Id. at 7-3.

Removal is stayed as a result of an order issued January 23, 2026, in 1:26-cv-0591 DAD CKD P. On July 14, 2026, the undersigned recommended that the stay of removal be lifted. That recommendation is before Judge Drozd for consideration.

II. Basis for Detention

Petitioner's custody is authorized under 8 U.S.C. § 1231(a) which requires detention following the issuance of a final order of removal to facilitate removal. Petitioner would be entitled to release at this point if he were to show no significant likelihood of removal in the reasonably foreseeable future. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Petitioner does not attempt to make that showing as it appears the only thing preventing removal is the order entered in 1:26-cv-0591 DAD CKD P.

/////

/////

/////

III. Petitioner's Claims

A. Refusal to Provide Access to Civil Surgeon

Petitioner argues "his continued detention and threatened removal prevent him from exercising a clear statutory right to apply for adjustment of status under section 245(i) of the Immigration and Nationality Act (INA), despite the existence of approved immigrant visa petitions and the present availability of an immigrant visa." ECF No 36-1 at 2-3. Petitioner claims he cannot apply for adjustment without submission of Form I-693, Report of Immigration Medical Examination and Vaccination Record, and he cannot complete that form as he does not have access to a United States Citizenship and Immigration Services designated civil surgeon while detained.

Petitioner's claim is, in reality, a challenge to a condition of confinement, not the legality of custody. Success on this claim might result in an order directing respondents to provide petitioner with access to a civil surgeon, but not release from detention. A writ of habeas corpus issues upon a showing of the illegality of the fact or duration of custody. Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023). See DHS v. Thuraissigiam, 591 U.S. 103, 104 (2020) (a writ of habeas corpus is a remedy for unlawful executive detention and claims so far outside this "core" may not be pursued). Since petitioner's first claim does not amount to a challenge to the reasons supporting petitioner's confinement nor the duration thereof, the court does not have jurisdiction to consider it in a habeas action.

In any case, the court agrees with the conclusion reached by Judge Drozd in his July 21, 2026, order denying petitioner a temporary restraining order that petitioner is not being denied the ability to apply for adjustment of status because of his detention so there is no entitlement to relief based upon a claim that he is. ECF No. 37 at 8-12.

B. Expedited Removal

Petitioner asserts he should not have been subjected to expedited removal proceedings under 8 U.S.C. § 1225(b)(1) because, at the time the expedited removal process was initiated, petitioner had already been present in the United States for two years requiring that petitioner be given full removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii)(II). If the court were to

find that petitioner was not properly subjected to expedited removal proceedings, petitioner would no longer be subject to mandatory detention under 8 U.S.C. § 1231(a).

However, the court has very limited authority to review expedited removal proceedings in habeas corpus actions:

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section,
>
> and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2). Petitioner argues jurisdiction is provided by (B) for his claim. The court disagrees. That exception permits the court to consider whether a removal order was actually entered, a relatively discrete issue. Nothing in (B) suggests jurisdiction is granted with respect to whether a person authorized to enter an order of removal, in this instance an immigration judge, was legally and factually correct in so doing which would expand jurisdiction well beyond the plain meaning of (B). Under law created by Congress, the court does not have jurisdiction to hear petitioner's claim that he was improperly subjected to expedited removal proceedings. Accord Montes Cabrera v. DHS, No. 24-3079, 2025 WL 1009120 (7th Cir, April 4, 2025) (district court did not have jurisdiction to hear petitioner's claim that his presence in the United States for 2 years prior to finding of inadmissibility under 8 U.S.C. § 1225(b)(1)(A) rendered final order of removal issued at the conclusion of expedited removal proceedings void).

/////

/////

/////

/////

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Petitioner's amended petition for writ of habeas corpus (ECF No. 36) be DENIED; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 26, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
sing1245.imm.frs